No. 95-3485

Richard Boardman, Guardian     *
<u>Ad</u> <u>Litem</u> for Daniel Clippard,    *
                                *
     Appellant,               *
                                *   Appeal from the United States
    v.      *     District Court for the Eastern
                                *   District of Missouri.
National Medical Enterprises,    *
Doing Business as Lutheran        *
Medical Center, Inc.; and Millar   *
Elevator Service Company,       *
                                *
     Appellees.             *

Submitted: November 20, 1996

Filed: February 11, 1997

Before MAGILL and MORRIS SHEPPARD ARNOLD, Circuit Judges, and LONGSTAFF,[1]
     District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Richard Boardman, guardian <u>ad</u> <u>litem</u> of Daniel Clippard, appeals from
the judgment that the district court[2] entered on a verdict rendered against
him in an action for injuries sustained by Mr. Clippard when an elevator
that National Medical Enterprises (NME) owned and serviced suddenly dropped
three stories. Mr. Boardman asserts that the district court erred in
barring his

---

     [1]The Honorable Ronald E. Longstaff, United States District
Judge for the Southern District of Iowa, sitting by designation.

     [2]The Honorable Charles A. Shaw, United States District Judge
for the Eastern District of Missouri.

expert witness from testifying, in barring him from reading an expert witness's deposition to the jury, in allowing NME to draw the jury's attention to Mr. Boardman's lack of witnesses relevant to an issue, and in precluding Mr. Boardman from drawing the jury's attention to NME's failure to produce certain witnesses.  For the reasons discussed below, we affirm.

I.

The district court refused to allow Mr. Boardman's expert witness, Joe Stabler, to testify because Mr. Boardman had not lived up to the requirements of E.D. Mo. Local R. 33, which governed discovery with respect to expert witnesses (a different version of the local rules is now in effect; all references in this opinion, however, are to the local rules in effect at the relevant time).  Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 26(a)(5) authorize parties to use interrogatories to require disclosure of the identity of expert witnesses and the subject matter, facts, and opinions to which the expert witnesses are expected to testify at trial, together with a summary of the grounds underlying each opinion. NME sent Mr. Boardman interrogatories seeking disclosure of each of the matters covered by Fed. R. Civ. P. 26(a)(2)(B), and on January 13, 1994, Mr. Boardman responded, "Unknown at this time, will timely supplement."

The relevant local rule required any answer or supplemental answer to an interrogatory to be made not less than sixty days prior to the date of trial (sixty days prior to trial was December 12, 1994).  On September 10, 1994, Mr. Boardman supplemented his answer by serving notice on NME that he "may call" Joseph Stabler as an "expert witness to testify concerning elevator safety, mechanics, operation, maintenance and repair." Though Mr. Boardman timely provided NME with Mr. Stabler's identity and with the subject matter upon which Mr. Stabler would testify, he

-2-

failed to identify prior to December 12, 1994, the facts and opinions to which Mr. Stabler was expected to testify.

E.D. Mo. Local R. 33 nevertheless provided a second window of opportunity for Mr. Boardman. It stated, "All parties shall have the right, no less than thirty (30) days prior to trial, to supplement previous answers to interrogatories by furnishing rebuttal expert witness information." Mr. Boardman wanted Mr. Stabler to testify at trial that the elevator engaged in overspeed mode and could not have done so in the absence of negligence, in rebuttal to certain testimony that NME's experts offered. Although the local rule afforded Mr. Boardman an extra thirty days (or until January 13, 1995) to produce the facts and opinions to which Mr. Stabler was expected to testify as a rebuttal witness, Mr. Boardman failed to meet this extended deadline. He also failed to provide the required information after that date.

E.D. Mo. Local R. 33 further provided that if "a party fails to comply with this Rule, the Court shall prohibit the party's expert from giving expert testimony." Since Mr. Boardman failed to comply with the rule, the district court was manifestly authorized to prohibit Mr. Stabler from testifying, and we detect no error in its having done so.

Mr. Boardman nevertheless argues that Mr. Stabler presented his rebuttal opinion during NME's October 27, 1994, deposition of Mr. Stabler, and contends that this satisfied the requirements of the scheduling order. First of all, we are not altogether satisfied that the opinion that Mr. Boardman sought to have Mr. Stabler present in rebuttal at trial was in fact presented during the deposition. Even if it was, Mr. Boardman's failure to obey the scheduling order is not excused merely because NME elected to depose Mr. Stabler. For the same reason, we need not address Mr. Boardman's contention that the district court refused to permit

-3-

him to make an offer of proof outlining the opinions to which Mr. Stabler would have testified had he been allowed to.

"The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential" to the judge's control over the case. *Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 897-98 (8th Cir. 1978). The district court did not abuse its discretion. The court protected the integrity of the trial process by shielding NME from unexpected testimony, the presentation of which would have undermined the goals of discovery and prejudiced NME. Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(B) authorize district courts to prohibit noncomplying parties from introducing evidence, which is what the district court properly did in this case.

II.

Mr. Boardman also appeals from the district court's decision to prevent him from reading to the jury the deposition testimony of John Donnelly, a defense expert witness. Mr. Boardman did not adhere to the requirements of the scheduling order with regard to Mr. Donnelly: He never designated Mr. Donnelly as an expert witness, and he did not reveal the subject matter that Mr. Donnelly would discuss or the opinions that he would present. Mr. Boardman informed NME only that he reserved the right to read all or portions of the depositions of any witnesses that NME had listed, a revelation that he did not make until January 27, 1995, well after the scheduling order deadlines had expired.

E.D. Mo. Local R. 33, Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(B), and Fed. R. Civ. P. 37(d) afford the district court wide latitude in imposing sanctions for failure to obey discovery orders. "[T]he court of appeals will not reverse the district court in the absence of a clear abuse of discretion." *Hazen v. Pasley*, 768 F.2d 226, 229 (8th Cir. 1985). "It is

-4-

fundamental that it is within the trial court's discretionary power whether to allow the testimony of witnesses not listed prior to trial. ... A ruling by the district court pertaining to this [kind of] matter will be overturned only if there is a clear abuse of discretion." *Blue v. Rose*, 786 F.2d 349, 351 (8th Cir. 1986); see also *Harris v. Steelweld Equip. Co.,* 869 F.2d 396, 399 (8th Cir. 1989), cert. denied, 493 U.S. 817 (1989).

*Blue* (and *Harris*) upheld a district court's decision to prevent a witness from testifying because of counsel's failure to list the witness as required by a local court rule and the court's scheduling order. "The rules proscribing discovery are enacted for a reason. Once discovery has closed in a case, it is the court's discretion whether or not to allow it to be reopened." *Harris*, 869 F.2d at 400. The district court thus did not err in preventing Mr. Boardman from reading the deposition testimony of John Donnelly to the jury.

### III.

In closing argument, NME alluded to the fact that Mr. Boardman had failed to call any witnesses to establish NME's negligence. Mr. Boardman objected, arguing that he would have called Mr. Stabler to testify to that point had the district court not excluded his testimony. On appeal, Mr. Boardman cites several Missouri cases to the effect that one cannot highlight opposing counsel's failure to call a witness when, due to one's own motion, the court has excluded that witness. State law, however, does not control this issue: Federal law controls the permissible content of closing argument even in diversity cases, and federal courts give considerable discretion to the trial court in matters of this sort. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 285 (8th Cir. 1995), cert. denied, 116 S. Ct. 84 (1995); *Vanskike v. Union Pac. R.R. Co.*, 725 F.2d 1146, 1149 (8th Cir. 1984).

"To constitute reversible error, statements made in oral arguments must be plainly unwarranted and clearly injurious." *Vanskike*, 725 F.2d at 1149. In one recent case, we held that an argument similar to the one made here was not grounds for reversal. *Sylla-Sawdon*, 47 F.3d at 284-86. We see no error whatever in permitting defense counsel to point out that plaintiff lacked witnesses on the issue of negligence, a matter of obvious relevance and central importance to a determination of the case.

IV.

Finally, Mr. Boardman maintains that the district court erred in precluding him from arguing an adverse inference from NME's failure to call three of its employees as witnesses. One employee had entered the elevator with Mr. Clippard but had departed before the incident; the other two had pulled Mr. Clippard from the elevator after the incident. Mr. Boardman contends that there is a general rule that failure of an opposing party to put on a witness raises a negative inference, and calls our attention to *Johnson v. Richardson*, 701 F.2d 753 (8th Cir. 1983). In fact, as NME points out, that case held that it is the failure to put on a *key* witness that raises such an inference. Id. at 757. This means that a party arguing the negative inference must demonstrate that the witness was important and possessed relevant information. *See Cowens v. Siemens-Elema AB*, 837 F.2d 817, 825 (8th Cir. 1988). Mr. Boardman does not even argue, and the record does not indicate, that these witnesses had relevant information to provide at trial.

In addition, in deciding this issue we think it significant which party had the burden of proof. Drawing an adverse inference from the failure of a party to put on key witnesses relevant to some issue is most reasonable when it is the party with the burden of proof on that issue who fails to do so. *See Kostelec v. State Farm Fire & Cas. Co.*, 64 F.3d 1220, 1228 (8th Cir. 1995). Here,

NME did not have the burden of proof on any issue, and Mr. Boardman's suggestion that NME failed to produce certain witnesses might confuse the jury as to who did.  We note too that the district court is better situated to "determine whether prejudice has resulted from a closing argument, and [we] will not disturb the district court's ruling unless there has been an abuse of discretion." *Vanskike v. ACF Indus., Inc.*, 665 F.2d 188, 209 (8th Cir. 1981), <u>cert.</u> <u>denied</u>, 455 U.S. 1000 (1982).

For all of these reasons, we hold that the district court did not abuse its discretion in limiting Mr. Boardman's closing argument.

V.

The judgment of the district court is affirmed for the reasons indicated.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.