# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1878

_____

| | | |
|---|---|---|
| Lucille K. Collins, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Linda Burg, | * | District of Missouri. |
| | * | |
| Appellee. | * | |

_____

Submitted: January 15, 1999

Filed: February 26, 1999

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Lucille Collins appeals a grant of summary judgment to defendant Linda Burg in an action for intentional infliction of emotional distress. Ms. Collins argues that the district court[1] incorrectly concluded that Missouri law requires a plaintiff alleging intentional infliction of emotional distress to prove that her distress is medically diagnosable and medically significant. Ms. Collins also appeals the court's award to

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Ms. Burg of attorney's fees incurred in prosecuting a motion to compel a response to interrogatories and production requests. We affirm.

I.

Ms. Collins is the sister of Everetta Moody, who died in St. Louis at age 86 after a ten-month battle with cancer. Ms. Collins alleges that Ms. Burg intentionally estranged the two sisters from each other and improperly interfered with Ms. Moody's care during her final illness. Ms. Collins asserts that Ms. Burg's actions caused her severe emotional distress, which resulted in chest pain, upper back pain, fear of a heart attack, and inability to sleep. She asserts that medically diagnosable distress is not an element of the tort of intentional infliction of emotional distress in Missouri and that the case law to the contrary is based on an erroneous expansion of the holding of *Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo. 1983) (*en banc*).

In *Bass,* a negligence case, the Missouri Supreme Court abandoned the classic "impact rule" and permitted a plaintiff to recover for emotional distress even in the absence of physical trauma, providing the distress was "medically diagnosable," *id.* at 772, and "medically significant," *id.* at 773. Missouri courts have read *Bass* to say that medically diagnosable distress is an element of the tort of intentional infliction of emotional distress as well. *See*, *e.g.*, *Childs v. Williams*, 825 S.W.2d 4, 10 (Mo. Ct. App. 1992); *Greco v. Robinson*, 747 S.W.2d 730, 735 (Mo. Ct. App. 1988); and *Hayes v. Dunn*, 709 S.W.2d 164, 165 (Mo. Ct. App. 1986). Although this reading of *Bass* was challenged in *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 297-98 (Mo. Ct. App. 1997), that court was able to decide the case on other grounds and declined to address the issue.

We are satisfied that the cases requiring medically diagnosable distress represent current Missouri law; indeed, we have so held on more than one occasion. *See*, *e.g.*, *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388, 395 (8th Cir. 1992), *vacated on other grounds*, 510 U.S. 802 (1993), and *Hanks v. General Motors Corp.*,

906 F.2d 341, 343 (8th Cir. 1990).  We hold, therefore, that since Ms. Collins was unable to offer the requisite medical evidence relevant to her distress, the district court did not err in granting summary judgment to Ms. Burg.

## II.

Ms. Collins also appeals an order imposing sanctions for failing to comply with discovery requests and for failing to make disclosures that Fed. R. Civ. P. 26(a)(1) requires.  The district court was not satisfied with counsel's explanation that  a "heavy workload" and "schedule of litigation and other matters" caused a four-month delay (after which Ms. Burg moved for sanctions),  and the court ordered the payment of the attorney's fees that Ms. Burg incurred in moving for sanctions and for an order to compel disclosure.  Ms. Burg submitted a bill for $968 for 7.4 hours of work, which Ms. Collins argues is excessive given the brevity and routine nature of the motion.  She also argues that Ms. Burg's request for fees was inadequate because it did not state whether the work was done by an attorney or by a paralegal.

Fed. R. Civ. P. 37gives a district court broad authority to impose sanctions for failure to respond to discovery requests or to disclose information required by Fed. R. Civ. P. 26(a).  *Boardman v. National Medical Enterprises*, 106 F.3d 840, 843 (8th Cir. 1997).  We will reverse an order with respect to sanctions only for a clear abuse of discretion.  *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).  We are especially reluctant to substitute our judgment for that of the district court in the matter of appropriate attorney's fees, because the district court is in the best position to determine whether hours were reasonably expended and whether an attorney's hourly rates are reasonable within the context of the relevant community. *Moore v. City of Des Moines*, 766 F.2d 343, 346 (8th Cir. 1985), *cert. denied*, 474 U.S. 1060 (1986).

Approximately twenty years ago, this same issue arose when a plaintiff waited until the last possible moment to produce an expert witness for deposition and then,

because the expert was unprepared, a second deposition had to be taken. We held that, in those circumstances, the district court acted within its discretion in assessing the plaintiff $1,000 for attorney's fees and expenses incurred by the defendants in taking the second deposition. *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 899 (8th Cir. 1978). In our case, therefore, we cannot say that the district court abused its discretion in awarding $968 to Ms. Burg for the work on her motion for sanctions and for an order to compel disclosure.

### III.

For the foregoing reasons, we affirm the district court's grant of summary judgment and its award of $968 in attorney's fees to Ms. Burg.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-