# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3689

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Real Property Located at Meramec | * | |
| View Estates, marked with Franklin | * | |
| Co. EMS Sign, KN-3760, lot J of | * | Appeal from the United States |
| Meramec View Estates, a subdivision | * | District Court for the |
| in part of section twenty (20), | * | Eastern District of Missouri. |
| township forty-one (41) north, range | * | |
| one (1) east of the 5th P.M., as per | * | [UNPUBLISHED] |
| plat of record in plat book N, page 648 | * | |
| in the office of the recorder of deeds, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Keith James Prost, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 25, 2000
Filed: September 5, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

After Keith James Prost pleaded guilty to conspiracy involving the distribution and possession of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, the United States filed a complaint for civil forfeiture of the defendant real property on the ground that Prost used it to commit or facilitate the commission of his crimes. Following an August 26, 1999 non-jury trial at which counsel for Prost appeared on his behalf, the district court[1] granted judgment for the government, concluding undisputed evidence established that Prost and his co-conspirators used the property to facilitate drug transactions. On September 17 the district court received a letter from Prost which stated that he had never hired an attorney and wanted to represent himself. With this letter, Prost enclosed a "Motion to Allow Defendant to File Motions," a motion for jury trial, a motion to dismiss his attorney of record, and a motion to dismiss. The district court denied Prost's motion to file on his own behalf.

Prost appeals, arguing that (1) the district court lacked subject matter jurisdiction over the forfeiture action; (2) the seizure of his property by a nonliving entity incapable of giving an oath or affirmation violated his Fourth and Fifth Amendment rights; (3) the seizure violated the Eleventh Amendment; (4) the district court erroneously refused to let Prost represent himself and denied him a jury trial, thereby violating his Sixth and Seventh Amendment rights; and (5) the government defaulted by failing to respond to a pro se discovery request. We affirm for the reasons stated below.

The district court clearly had subject matter jurisdiction over the forfeiture action. See 28 U.S.C. §§ 1345, 1355. Given the government's statutory authority to initiate forfeiture proceedings, see 21 U.S.C. § 881(a)(7) (any real property which is used to commit or facilitate commission of Controlled Substances Act violation punishable by more than one year imprisonment is subject to forfeiture to United

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

States), we find Prost's Fourth, Fifth, and Eleventh Amendment claims to be frivolous.

We conclude that Prost waived any right to a jury trial because his request was not made or received until after the bench trial was held. See Fed. R. Civ. P. 38(d). As to his argument that the district court erroneously refused to let him represent himself, not only is the Sixth Amendment inapplicable to civil proceedings, see Austin v. United States, 509 U.S. 602, 608 (1993), but here Prost's signatures on the original claim and answer filed by his attorney indicate he consented to representation, cf. United States v. Heine, 920 F.2d 552, 554-55 (8th Cir. 1990) (per curiam) (once pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with defendant's acquiescence until he expressly and unambiguously renews request to conduct own defense); United States v. Wesley, 798 F.2d 1155, 1155-56 (8th Cir. 1986) (right to self-representation is unqualified only if demanded before trial; once trial commences, right is subject to court's discretion, which requires balancing defendant's legitimate interest in representing self against potential disruption and possible delay of proceedings already in progress).

Finally, because Prost was represented by counsel, we hold that the district court did not clearly abuse its discretion by declining to impose sanctions for any government failure to respond to a pro se discovery request. See Collins v. Burg, 169 F.3d 563, 565 (8th Cir. 1999) (standard of review); United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir.) (no constitutional right to hybrid representation; it is available only at court's discretion), cert. denied, 525 U.S. 851 (1998). We deny Prost's request for default judgment on appeal.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.