EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION et al., Plaintiffs,

v.

PRODUCT FABRICATORS
INC. et al., Defendants.

Civil No. 11–2071 (MJD/LIB).

United States District Court,
D. Minnesota.

Nov. 7, 2012.

Jean P. Kamp, Equal Employment Opportunity Commission, Chicago, IL, Jessica A. Palmer–Denig, Nicholas J. Pladson, Equal Employment Opportunity Commission, Minneapolis, MN, John–Na C. Hendrickson, for Plaintiff.

Elisa M. Hatlevig, Marlene S. Garvis, Vicki A. Hruby, Jardine Logan & O'Brien PLLP, Lake Elmo, MN, for Defendants.

## ORDER

LEO I. BRISBOIS, United States Magistrate Judge.

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) upon the Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66]. A hearing on the Motion was conducted on September 27, 2012. For the reasons outlined below, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery.

## I. BACKGROUND

Plaintiffs, Equal Employment Opportunity Commission (EEOC) and Adam Breaux (Mr. Breaux), brought this action against Defendants, Product Fabricators, Inc. (PFI) and M & M Manufacturing, Inc. (M & M),[1] alleging that PFI violated the Americans with Disabilities Act (ADA) by terminating Breaux's employment in 2009 after Breaux requested medical leave for a work-related injury to his right shoulder, and alleging retaliatory discharge in violation of Minn.Stat. § 176.82. (Defs.' Mem. Law Supp. Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 68] at 2–3) (**document filed under seal**). Defendants deposed Mr. Breaux on March 23, 2012, for approximately five hours. *Id.* at 3. However, several discovery matters remained in dispute, and this Court held a hearing on May 10, 2012, regarding parties' cross-motions to compel discovery. (Minute Entry [Docket No. 59] ). Both motions were granted in part, and additional discovery was ordered. (Order [Docket No. 64] at 17). In the meantime, by stipulation of the parties, the discovery deadline was extended to July 31, 2012. (Order to Extend Disc. Deadline [Docket No. 62] ).

---

1. Plaintiffs allege that PFI was sold to M & M, and that M & M is thus subject to a successor liability claim. (Am. Compl. [Docket No. 7] at 5–6, ¶¶ 19–27).

The present Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] arises from discovery that was provided to Defendants on July 25, 2012, and from discovery that Defendants allege still has not been provided.

## II. Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery

### A. Facts

Discovery in this case was to be completed by July 31, 2012. (Order to Extend Disc. Deadline [Docket No. 62] at 1). On June 21, 2012, pursuant to a hearing on cross-motions to compel, this Court ordered Plaintiff Mr. Breaux to produce the following documents:

- "[C]omplete and unredacted medical information and medical records (or appropriate releases) for 2005 to the present."
- "[T]ax returns from 2005 to the present."
- "[E]mployment records from 2000 to the present."
- "[U]nemployment claim files from 2005 to present."

(Order [Docket No. 64] at 15–16).

In the current dispute, Defendants allege—and Plaintiffs acknowledged at the September 27, 2012, hearing—that Plaintiffs have not yet produced all of the records that this Court ordered them to produce. (Defs. Mem. Law Supp. Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 68] at 3–4). In particular, Defendants allege that the EEOC, which accepted responsibility to produce Mr. Breaux's medical records, has yet to produce records from approximately sixteen (16) physical therapy sessions, and that Mr. Breaux has failed to produce "employment records (or appropriate releases), unemployment claim files (or appropriate releases), and state and federal income tax return information." *Id.*

Additionally, Defendants' have asked this Court to re-open discovery in order that they may further investigate some of the medical information that Plaintiffs did produce. On July 25, 2012, Plaintiffs provided Defendants with copies of the report of an August 4, 2005, medical examination of Mr. Breaux.

(Aff. of Hruby [Docket No. 70] Ex. 12) (**document filed under seal**). The report states that Mr. Breaux sought treatment for pain in his right shoulder, which Mr. Breaux did not attribute to any specific injury, but instead attributed to increased work activity in construction. *Id.* at 1–2. Defendants ask that discovery be re-opened so that they may "obtain a medical expert to evaluate Breaux's right shoulder injury in light of the pre-existing injury recently disclosed." (Defs. Mem. Law Supp. Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 68] at 4). Finally, Defendants ask that they be allowed to further depose Mr. Breaux concerning his 2005 shoulder pain and employment. *Id.*

### B. Standard of Review

■ A court's scheduling order may be modified for "good cause." Fed.R.Civ.P. 16(b)(4). "The 'good cause' standard requires a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Burris v. Versa Products, Inc.*, No. 07–3938 (JRT/JJK), 2009 WL 3164783, at *4 (D.Minn. Sept. 29, 2009). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir.2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir.2008).

■ "It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001). "As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'" *Id.* (quoting Fed. R.Civ.P. 16(b)). And even then, the court has discretion as to whether to grant the

motion. *Id.; see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir.2006) ("Accordingly, the district court has broad discretion in establishing and enforcing deadlines.").

Rule 16 also requires an award to the moving party of attorneys' fees "incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 16(f)(2).

## C. Discussion

As noted above, Defendants ask this Court to extend discovery 1) to allow for the production that was ordered previously by this Court but has not yet been produced, 2) to allow additional time for expert discovery, and 3) to allow for further deposition of Mr. Breaux. Defendants also ask for an award of attorneys' fees and costs related to bringing this Motion.

### 1. Production of Documents

■ Defendants ask this Court to extend the discovery deadlines in order to allow Plaintiffs to produce medical records, employment records, unemployment claims records, and tax records that Plaintiffs were to produce pursuant to this Court's Order [Docket No. 64] of June 21, 2012. (Defs.' Mem. Law Supp. Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 68] at 7–11). Production continued after the Motion was filed, and during the hearing on this Motion, on September 27, 2012, the parties agreed that the following documents had yet to be produced:

- Medical records related Mr. Breaux's physical therapy (or appropriate releases);

- Employment records related to Mr. Breaux's employment after his termination by Defendants (or appropriate releases);

- Unemployment claims records (or appropriate releases); and

- Federal and state income tax records (or appropriate releases).

Plaintiffs acknowledged that they are still bound by the June 21, 2012, Order, which compels the production of these documents,[2] and Plaintiffs assured this Court that they were still endeavoring to produce the required documents.

As concerns these documents, Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] is GRANTED; if, at this date, any of these documents have not been produced, Plaintiffs are hereby ordered to produce said documents (or appropriate releases) within fourteen (14) days of this Order.

### 2. Extending the Period for Expert Discovery

■ Defendants argue that Plaintiffs' production on June 25, 2012, of medical records indicating that Mr. Breaux sought treatment for right shoulder pain as long ago as 2005 now necessitates that Defendants be allowed "the opportunity to have a medical consult regarding [Mr.] Breaux's medical condition in 2005 and 2008." (Defs.' Mem. Law Supp. Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 68] at 9). Defendants ask for sixty (60) days to complete this new discovery. (Defs.' Mot. Am. Pretrial order and Re–Open Disc. [Docket No. 66] at 2).

The Pretrial Order in this case gave Defendants a May 1, 2012, deadline for disclosure of any experts they intended to call as expert witnesses at trial. (Pretrial Order [Docket No. 12] at 3). Defendants' Motion to Compel [Docket No. 38] did not seek to extend this deadline, and neither this Court's Order to Extend Discovery Deadline [Docket No. 62] nor the June 21, 2012, Order [Docket No. 64] afforded Defendant additional time to make expert disclosures. Defendants brought this Motion more than three (3) months after the passing of their deadline for expert disclosures. This District has previ-

**2.** The June 21, 2012, Order did compel the production of state and federal tax returns, but did not provide the alternative of instead producing releases so that Defendants could obtain the information on their own. (Order [Docket No. 64] at 15–16). That was an oversight, and this Order amends the June 21, 2012, Order to allow that Plaintiffs may produce *either* federal and state tax returns from 2005 to present, *or* appropriate releases.

ously expressed reluctance to find "good cause" to amend a scheduling order when so much time has passed. *North Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F.Supp.2d 1140, 1145 (D.Minn.2003) (Erickson, M.J.) (finding absence of good cause where plaintiff waited four (4) months after expert deadline to seek extension); *Engleson v. Little Falls Area Chamber of Commerce*, 210 F.R.D. 667, 668–70 (D.Minn.2002) (Erickson, M.J.) (finding absence of good cause where plaintiff waited almost three (3) months after expert deadline to seek extension).

Defendants argue that they had no way to know that they would need a medical expert to review Mr. Breaux's 2005 medical condition until July 25, 2012, when Mr. Breaux's 2005 medical records were produced. (Defs.' Mem. Law Supp. Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 68] at 9). However, even while Defendants sought additional medical records from Plaintiffs, they *did not* seek to extend their expert discovery deadline in order that they might respond to information in those medical records. This District has held that the discovery of "helpful ... new information ... does not qualify as 'good cause' for modifying [a] scheduling order." *Land O' Lakes, Inc. v. Employers Mut. Liability Ins. Co. of Wisconsin*, 846 F.Supp.2d 1007, 1017 (D.Minn.2012) (Schiltz, J.).

As concerns Defendants' request to reopen discovery in order to allow for a "medical consult," Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] is DENIED.

### 3. Deposition of Mr. Breaux

■ Defendants deposed Mr. Breaux at length (for approximately five (5) hours) on March 23, 2012. Nonetheless, Defendants argue that they are entitled to additional deposition time a) because the Federal Rules of Civil Procedure allow them seven (7) hours for a deposition, and b) because when they deposed Mr. Breaux they did not know about his 2005 shoulder pain. (Defs.' Mem. Law Supp. Mot. Am. Pretrial Order and Re-open Disc. [Docket No. 68] at 8).

However, even Defendants acknowledge that such additional deposition is disfavored. (*Id.* (describing such further deposition as "unusual")). Defendants cite two cases in support of their argument that they should be entitled to continue their deposition of Mr. Breaux: *Collins v. Burg*, 169 F.3d 563 (8th Cir.1999), and *Noske v. United States*, Civ. Nos. 6–87–400, 6–87–399(EJD), 1991 U.S. Dist. LEXIS 9746 (D.Minn. July 9, 1991). However, neither case concerns a court's order that a deposition, previously terminated, be allowed to continue; rather, both cases concern sanctions against parties that failed in their discovery obligations. *See Id.*[3]

Ultimately, Defendants made strategic decision about what to ask Mr. Breaux during his deposition, and about when to depose him. Defendants asked Mr. Breaux discrete questions about prior workplace *injuries*. (Decl. Pladson [Docket No. 78], Ex. H (Dep. Breaux), at 75:8–12; 82:2–4, 20–22; 103:13–105:19) (**document filed under seal**). However, despite Mr. Breaux's statement that "constant ... heavy lifting" contributed to his injury (*Id.* at 104:23), Defendants did not ask any questions about the sort of chronic pain brought on by repetitive stress that brought Mr. Breaux to the doctor on August 4, 2005. "[T]he Court cannot find good cause

---

**3.** Defendants' citation to *Collins* is in error, as there is no indication that *Collins* involved depositions. *See generally* 169 F.3d 563. The *Collins* court did cite to *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877 (8th Cir.1978), in which the Eighth Circuit upheld an award of attorneys' fees related to defendants' second deposition of a plaintiffs' expert. *Id.* at 899. However, *Admiral Theatre* is easily distinguished from this case. In *Admiral Theatre*, the second deposition was required because the plaintiffs' expert "had not yet arrived at any final opinions or prepared the exhibits which he intended to use at trial," even after the trial had already begun. *Id.* Here, there is no allegation that Mr. Breaux was

not prepared for his deposition; instead, Defendants chose to depose Mr. Breaux early in the discovery process, despite the fact that some discovery issues—including Plaintiffs' production of Mr. Breaux's medical records—remained in dispute.

In *Noske*, a witness apparently was deposed three (3) times. 1991 U.S. Dist. LEXIS 9746, at *2–4 (describing depositions of plaintiff on November 1, 1988, on May 2, 1989, and on May 20, 1991). However, the Memorandum Opinion and Order cited by Defendants concerned contempt sanctions for the witness's "willfully violating unambiguous court orders." *Id.* at *8.

allowing it to grant the Motion to Re–Depose based upon [a party]'s choice not (or even his neglect) to ask questions he could have asked at the ... deposition." *Arugu v. City of Plantation,* 2010 WL 2609394, at *4 (S.D.Fla. June 27, 2010). Additionally, Defendants argue that their "inability to obtain complete records prior to the deposition was due to no fault of their own," noting that they had served requests for production of Mr. Breaux's medical records approximately three (3) months before Mr. Breaux was deposed. (Defs.' Mem. Law Supp. Mot. Am. Scheduling Order and Re–Open Disc. [Docket No. 68] at 8–9, 9 fn. 5; Aff. Garvis [Docket No. 47] at 2 (noting request for medical records served on December 29, 2011)). However, Defendants also chose to go ahead with the deposition of Mr. Breaux early in the discovery period, and in spite of the ongoing dispute about the production of various documents, including Mr. Breaux's medical records, knowing full well that the eventual production of such documents might produce new information that Defendants might wish to ask Mr. Breaux about. As previously noted, the discovery of "helpful ... new information ... does not qualify as 'good cause' for modifying [a] scheduling order." *Land O' Lakes,* 846 F.Supp.2d at 1017. Defendants completed Mr. Breaux's deposition on March 23, 2012, and did not seek to hold it open for further examination. Moreover, when Defendants moved on April 26, 2012, to compel certain discovery, they did not seek any further deposition of Mr. Breaux. (Defs.' Mot. Compel [Docket No. 38] ).

As concerns Defendants' request to re-open discovery in order to allow for the further deposition of Mr. Breaux, Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] is DENIED.

#### 4. Attorneys' Fees

■ Finally, Defendants asked this Court to award attorneys' fees and costs related to bringing this Motion. (Defs.' Mot. Am. Pretrial Order and Re–Open Disc. [Docket No. 66] at 2). The Federal Rules of Civil Procedure allow for an award of attorneys' fees when those fees were "incurred because of

any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 16(f)(2). This Court finds that there has been no "noncompliance" with Rule 16. Although Plaintiff had not yet produced all of the required documents at the time Defendants filed their Motion, Plaintiffs continued their efforts to produce those documents. Because there was no "noncompliance" with Rule 16, there will be no award of attorneys' fees. As concerns Defendants' request for attorneys' fees, Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] is DENIED.

### III. CONCLUSIONS

NOW, THEREFORE, It is—

ORDERED:

1. That Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] is GRANTED IN PART; Plaintiffs are hereby ordered to provide any outstanding medical/physical therapy records (or appropriate releases), employment records (or appropriate releases), unemployment file records (or appropriate releases), and state and federal tax records (or appropriate releases) within fourteen (14) days of this Order.

2. That Defendants' Motion to Amend the Pretrial Order and Re–Open Discovery [Docket No. 66] is DENIED IN PART; for the reasons set forth above, discovery will not be extended to allow for extended expert consultation, nor to allow for the further deposition of Mr. Breaux, and no attorneys' fees or costs are awarded.