# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2130

_____

Patrice Bradford,                          *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
      v.                                   *   District Court for the Eastern
                                           *   District of Missouri.
DANA Corporation, Sealed                   *
Power Division,                            *
                                           *
            Appellee.                      *
                                           *

_____

Submitted:  January 11, 2001

Filed:   April 13, 2001

_____

Before  BEAM,  MORRIS  SHEPPARD  ARNOLD,  Circuit  Judges,  and  DOTY[1],
     District Judge.

_____

BEAM, Circuit Judge.

_____

     [1]The Honorable David S. Doty, United States District Judge for the District of
Minnesota, sitting by designation.

Patrice Bradford appeals the district court's[2] denial of her motions seeking additional time to respond to appellee DANA Corporation's ("DANA") motion for summary judgment, to conduct discovery and to modify the case management order to set a later trial date. She also alleges the district court erred in granting summary judgment to DANA without granting these motions. We affirm.

Bradford filed this action on February 2, 1998, alleging DANA demoted, suspended and terminated her on the bases of race and gender. After preliminary motions were decided, DANA filed its answer to Bradford's complaint on January 26, 1999. On February 22, 1999, the parties submitted a proposed joint scheduling order, pursuant to which the district court, on March 2, 1999, issued a case management order ("CMO"). The CMO set out a detailed schedule for discovery, briefing and trial and specified it would be modified only upon a showing of exceptional circumstances.

On July 27, 1999, Bradford's attorney, Benjamin Hudson, moved to withdraw as counsel, alleging Bradford had terminated her retainer agreement and informed him she had secured alternate counsel. He also stated Bradford had failed either to compensate him for his efforts or to heed his legal advice. On August 31, 1999, the district court granted Hudson's motion. In doing so, the district court ordered Bradford to inform the court, within 15 days, whether she would retain new counsel or proceed pro se. Bradford did not comply with this instruction. On December 3, 1999, DANA moved for summary judgment. On December 23, 1999, Bradford filed a pro se memorandum requesting additional time to respond and a continuance to retain counsel. The district court granted Bradford's request for additional time, allowing her until January 31, 2000, to respond to the summary judgment motion. The district court denied Bradford's request for a continuance. Bradford failed to respond to DANA's summary judgment motion. On March 13, 2000, Bradford's present counsel entered

---

[2]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

an appearance. On March 13 and 17, 2000, Bradford filed motions seeking to modify the CMO to permit her additional time for discovery, to respond to the summary judgment motion, and to push back the April 3, 2000, trial date. Along with these motions, Bradford filed an affidavit detailing her efforts to retain counsel. On March 20, 2000, the district court denied all of Bradford's pending motions and granted DANA summary judgment. Bradford now appeals.

Bradford raises two separate, but entwined issues.[3] She first alleges the district court erred in denying her requests to modify the CMO to permit her additional time to respond, conduct discovery and to push back the impending trial date. Second, she argues the district court erred in awarding summary judgment without granting her motions. We address these claims in order.

Bradford's first argument challenges the degree to which case management orders should govern the course of litigation when parties fail to meet their requirements. It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation. See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir. 1999), cert. denied, 121 S. Ct. 176 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to

---

[3]We pause to note that Bradford has not appealed the merits of the district court's summary judgment ruling. In a detailed and well-reasoned opinion, the district court found that Bradford failed to establish a prima facie case of discrimination on grounds of either gender or race. Rather, it found the evidence showed Bradford had been legitimately sanctioned and then terminated for repeated poor-quality work, for verbally and physically assaulting a co-worker and for attempting to cover up the incident.

streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999), cert. denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Food, Inc., 520 U.S. 1038 (2000). We review a district court's discovery rulings for abuse of discretion. Bunting v. Sea Ray, Inc., 99 F.3d 887, 890 (8th Cir. 1996).

The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he existence or degree of prejudice to the party opposing the modification" and other factors may also affect the decision. Id. In this case, however, we have no need to explore beyond the first criterion because the record clearly demonstrates that Bradford made only minimal efforts to satisfy the CMO's requirements.

Bradford first filed this action in February of 1998. The district court established its CMO in March of 1999. Bradford's first attorney, Hudson, did not withdraw until August of that year. Bradford now urges us to consider the fact that Hudson never conducted any discovery. Yet his withdrawal motion states that she failed to compensate him or heed his legal advice, which allegations she does not deny. She also urges us to consider her lack of counsel and resulting inability to adequately respond to DANA's summary judgment pleading. Hudson's withdrawal motion, however, states that at that time, she represented to him that she had already secured new counsel. Bradford's affidavit, moreover, illustrates that during the next six months she contacted only five attorneys. We agree with the district court that Bradford's actions do not amount to a diligent effort to secure counsel, and do not satisfy the "good cause" standard.

Bradford's second argument is controlled by our ruling in Roark v. City of Hazen, 189 F.3d 758 (8th Cir. 1999). Bradford alleges the district court erred in

-4-

granting summary judgment without permitting her additional time for discovery and additional time to respond to DANA's summary judgment motion. We review a district court's determination that a claim is ripe for summary judgment only for abuse of discretion. Id. at 762. As we noted in Roark, Federal Rule of Civil Procedure 56(c) does not require discovery to be complete in order for summary judgment to be proper. Id. Federal Rule of Civil Procedure 56(f) does permit a party opposing a summary judgment motion to seek additional discovery, but only upon a showing of facts that the party expects to uncover.

In this case, the district court did initially grant Bradford an extension of time to respond to the summary judgment motion. That aside, Bradford failed to make the requisite showing of additional facts she expected to discover. Rather, she merely argued her delay to that point should not prejudice her continued efforts to prosecute her lawsuit. Such falls outside the requirements of Rule 56(f). Given our determination that Bradford did not show good cause for further delay, we conclude that the district court did not abuse its discretion in awarding DANA summary judgment.

For the foregoing reasons, the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-