**EQUAL EMPLOYMENT OPPORTU-NITY COMMISSION, and Constance Amos, Plaintiffs,**

v.

**AUTOZONE, INC., Defendant.**

**No. 00–2923 M/An.**

United States District Court,
W.D. Tennessee,
Western Division.

March 25, 2008.

C. Gregory Stewart, Equal Employment Opportunity Commission, Washington, DC, Celia S. Liner, Deidre Smith, Faye A. Williams, Gwendolyn Young Reams, Terry L.

Beck, Thomas J. Borek, Jeffrey Bannon, Equal Employment Opportunity Commission, Jef Feibelman, Lisa A. Krupicka, Burch Porter & Johnson, Memphis, TN, for Plaintiffs.

Ellen Shirer Kovach, Leslie W. Ehret, Madeline D. West, Frilot Partridge Kohnke & Clements, New Orleans, LA, Jef Feibelman, Lisa A. Krupicka, Burch Porter & Johnson, Memphis, TN, Tracy E. Kern, Jones Walker Waechter Poitevent Carreve & Denegre, LLP, New Orleans, LA, Walter W. Christy, Coats Rose, New Orleans, LA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS

S. THOMAS ANDERSON, United States Magistrate Judge.

Before the Court is Defendant AutoZone, Inc.'s Motion for Leave to Designate Expert Witness, (D.E. # 332), filed on February 7, 2008. Plaintiff Equal Opportunity Commission ("EEOC") responded in opposition on February 26, 2008, (D.E. # 334). United States District Judge Samuel H. Mays Jr. referred this Motion to the Magistrate Judge for determination. For the reasons set forth below, Defendant's Motion is **DENIED**.

### BACKGROUND

On August 13, 2007, the District Court granted in part Defendant's Motion for Summary Judgment. The Court then conducted a status conference on September 24, 2007, during which it reopened discovery, set a new date for trial, and set new deadlines for discovery and dispositive motions. The Court set the new discovery deadline for January 15, 2008. At the status conference, neither Plaintiff nor Defendant raised the issue of an expert or requested the Court to set a new expert witness disclosure deadline. Defendant now seeks to designate an expert witness to testify concerning the qualifications for security guards in a corporate setting such as AutoZone, Inc., and the qualifications of the individuals who were hired and the females who were not hired.

### ANALYSIS

 Rule 16(b) of the Federal Rules of Civil Procedure requires the court to enter a scheduling order setting timetables for pretrial matters.[1] While the court has broad discretion to modify the scheduling order, "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings...."[2] Once the scheduling order's deadline has passed, therefore, a party must show good cause for the court to amend the deadlines.[3] "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management orders and requirements."[4] In other words, "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."[5] In addition to the explicit good cause requirement of Rule 16(b), when deciding whether or not to allow a party to amend a deadline set in the scheduling order, the court should also consider the potential prejudice to the non-movant.[6]

 At the status conference on September 24, 2007, the Court granted Defendant's request to reopen discovery as to the claimants remaining in the case. Defendant's expert witness report deadline had expired on April 29, 2005, and neither party requested that the Court set a new expert witness deadline at the status conference or at any time before the new discovery cutoff date.

1. Fed.R.Civ.P. 16(b).

2. *Shrieve v. DaimlerChrysler Corp.*, 2006 WL 1526878, at *1 (S.D.Ohio, May 31, 2006) (internal quotation marks and citation omitted).

3. Fed.R.Civ.P. 16(b)(4); *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir.2003).

4. *Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 830 (6th Cir.2005); *Inge v. Rock Financial Corp.,* 281 F.3d 613, 625 (6th Cir.2002) (cit-ing *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)).

5. *Shrieve,* 2006 WL 1526878, at *1 (S.D.Ohio, May 31, 2006) (quoting *Deghand v. Wal–Mart Stores, Inc.,* 904 F.Supp. 1218, 1221 (D.Kan. 1995)) (internal quotation marks omitted).

6. *Leary,* 349 F.3d at 909.

Defendant now seeks to designate an expert and argues that the designation should be allowed as the Court has never set a new deadline for the designation of experts in this matter. Defendant states that it was not aware of its need for an expert until after the depositions of the female claimants and the male comparators which were completed just prior to the discovery deadline. Plaintiff argues that Defendant has not shown good cause for modifying the Court's deadlines. Additionally, Plaintiff asserts that it will be prejudiced as obtaining experts at this time will likely lead to further delays in completing the trial of this case. Furthermore, Plaintiff asserts that the proposed expert testimony would not assist the trier of fact to understand the evidence or to determine a fact in issue.

The Court finds that Defendant has not shown good cause to modify the scheduling order and that allowing it to designate an expert at this late hour would likely prejudice Plaintiff. Defendant did not ask the Court to set a new expert witness deadline at the status conference in September or before the discovery deadline of January 15, 2008. In fact, Defendant first informed Plaintiff of its desire to designate an expert in this matter on February 1, 2008, after discovery had closed. Therefore, Defendant has not shown diligence in attempting to meet the deadlines set by the Court. Furthermore, allowing Defendant to designate an expert at this point would likely result in prejudice to Plaintiff. For example, Plaintiff would have to depose Defendant's expert, and then perhaps obtain its own expert to review Defendant's expert's report which could lead to a delay in the trial. Thus, the Court declines to allow Defendant to designate an expert at this time. Because the Court concludes that Defendant has not shown good cause to modify the scheduling order, and that a modification would likely result in prejudice to Plaintiff, it does not address the issue of whether Defendant's proposed expert testimony would be admissible under Rules 703 and 403 of the Federal Rules of Evidence.

### CONCLUSION

As discussed above, the Court finds that Defendant has not shown good cause to mod-

ify the scheduling order in this matter and that allowing Defendant to designate an expert at this point would prejudice Plaintiff. Defendant's Motion is, therefore, **DENIED.**

**IT IS SO ORDERED.**