**Julie VAILS, M.D., Plaintiff,**

v.

**UNITED COMMUNITY HEALTH CEN-TER, INC., Mark Prosser, Hugh Perry, Bill Kruse, and Diane Hamilton, Defendants.**

**No. C11–4048–LTS.**

United States District Court,
N.D. Iowa,
Western Division.

Aug. 20, 2012.

Stanley E. Munger, Munger, Reinschmidt & Denne, Sioux City, IA, for Plaintiff.

Mary E. Funk, Nyemaster Goode Voigts West Hansell & O'Brien, PC, David T. Bower, Nyemaster Goode, Des Moines, IA, for Defendants.

**ORDER**

LEONARD T. STRAND, United States Magistrate Judge.

This matter is before the court on plaintiff's August 16, 2012, motion (Doc. No. 11) to extend the discovery deadline in this case by one month to allow for an additional deposition. Defendants filed a resistance (Doc. No. 12) on August 17, 2012. Neither party requested oral argument and, in any event, the court finds that oral argument is not necessary. *See* Local Rule 7(c). The court also

finds that it is appropriate to rule on the motion without waiting for plaintiff to file a reply. *See* Local Rule 7(g).

### PROCEDURAL HISTORY

Plaintiff filed this action on May 20, 2011. The complaint (Doc. No. 1) contains claims for breach of contract, wrongful termination in violation of public policy, tortious interference with contract, fraud and promissory estoppel. Defendants filed their answer (Doc. No. 4) on June 27, 2011. Thereafter, the parties submitted a joint proposed scheduling order, which the court adopted (Doc. No. 6) with one minor typographic revision on September 15, 2011. The scheduling order includes the following relevant deadlines:

Completion of discovery: August 15, 2012
Dispositive motions: September 15, 2012
Trial ready date: January 15, 2013

In reliance on this schedule, the court entered a trial management order (Doc. No. 7) setting the jury trial of this matter for January 21, 2013.

Plaintiff filed her present motion on August 16, 2012, one day after the discovery deadline. She contends that it is important for her to depose one additional witness, Renea Seagren. She states that Ms. Seagren was scheduled for deposition on July 16, 2012, but that the deposition "had to be postponed." Doc. No. 11 at ¶ 7. Plaintiff offers no explanation as to why the deposition "had to be postponed." Plaintiff states that her counsel contacted opposing counsel on August 15, 2012, at 2:38 p.m., with a request to reschedule Ms. Seagren's deposition but was told, just over one hour later, that the defendants would resist scheduling the deposition after the close of discovery. *Id.*

In their resistance, defendants state it was the plaintiff's decision to cancel the July 16, 2012, deposition, apparently because that date was no longer convenient. Doc. No. 12 at pp. 1–2. Defendants further state plaintiff's counsel indicated on July 2, 2012, that he would contact defense counsel to choose another date for Ms. Seagren's deposition, but did not do so until the communication that occurred on the afternoon of August 15, 2012. *Id.* at 2. Defendants attached to their resistance various email messages between counsel during July and August of 2012, including a message dated August 2, 2012, in which defense counsel made note of the upcoming discovery deadline. *Id.* at Exs. A–C.

### ANALYSIS

Federal Rule of Civil Procedure 16(b) guides the court's issuance and modification of pretrial scheduling orders and provides that the court "must issue a scheduling order," which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(1), (3)(A). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R.Civ.P. 16(b)(4). In addition, Rule 16(d) states that the pretrial order "controls the course of the action unless the court modifies it."

The Eighth Circuit has explained the Rule 16(b) "good cause" standard as follows:

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See, e.g., Rahn,* 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County,* 420 F.3d 880, 883 (8th Cir.2005) (affirming the

district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir.2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716–17 (8th Cir.2008).

 Under the *Sherman* standard, plaintiff's request to modify the scheduling order must fail. Plaintiff proclaims Ms. Seagren to be a critical witness but offers no explanation as to why she could not have been deposed before the close of discovery on August 15, 2012. The record reflects only that (a) the deposition was scheduled for July 16, 2012, (b) plaintiff canceled the deposition and (c) plaintiff made no further effort to schedule the deposition until her counsel sent an email on the afternoon of the deadline for completing discovery. Plaintiff has failed to show the diligence required to justify modification of the scheduling order.

 While the court need not consider the issue of prejudice to the nonmovant if the movant fails to establish diligence, *Sherman,* 532 F.3d at 717, the court does find that unfair prejudice is likely to result if plaintiff's motion is granted. The dispositive motion deadline is September 15, 2012, and the defendants have indicated that they do intend to file a motion for summary judgment. Doc. No. 12 at 5. Extending the discovery deadline for one month, as plaintiff requests, would either (a) allow discovery to occur up to, and including, the date by which the parties must file dispositive motions or (b) necessitate a corresponding extension of the dispositive motion deadline.

The first option is unworkable, as it would require the parties to prepare their motion papers before discovery is completed and, possibly, before a transcript of Ms. Seagren's deposition is available. The second option would substantially reduce the amount of time between the dispositive motion deadline and the trial date. This court requires a minimum of four months between the dispositive motion deadline and the trial date to permit adequate time for motions to be briefed, argued and decided before trial. *See Instructions and Worksheet for Preparation of Scheduling Order and Discovery Plan* at p. 4, ¶¶ 6–7. Extending the dispositive motion deadline would cause that deadline to be too close to the January 21, 2013, trial date and could potentially impact that trial date.

In short, while the court need not find unfair prejudice in order to deny the motion, it is clear that the potential for such prejudice exists. Ultimately, however, it is plaintiff's failure to demonstrate the diligence necessary to show good cause under Rule 16(b) that is fatal to her motion.

## CONCLUSION

Plaintiff has not established good cause as required by Federal Rule of Civil Procedure 16(b). Plaintiff's motion (Doc. No. 11) to extend discovery deadline is **denied.**

**IT IS SO ORDERED.**