Edward P. **HAGEN**, D.O., Plaintiff,

v.

**SIOUXLAND OBSTETRICS & GYNECOLOGY, P.C., an Iowa Corporation, Paul J. Eastman, M.D., Tauhni T. Hunt, M.D., Angela J. Aldrich, M.D., and Kimberly A. Lief, M.D., Defendants.**

No. C11–4047–MWB.

United States District Court,
N.D. Iowa,
Western Division.

Oct. 12, 2012.

Stanley E. Munger, Munger, Reinschmidt & Denne, Sioux City, IA, for Plaintiff.

Annemarie M. Kelly, Barry G. Vermeer, Gislason & Hunter, LLP, Des Moines, IA, Dustan J. Cross, Gislason & Hunter LLP, New Ulm, MN, Joseph L. Fitzgibbons, Fitzgibbons Law Office, Estherville, IA, Jeff W. Wright, Heidman Law Firm, LLC, Sioux City, IA, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

This matter is before the court on defendants' motion (Doc. No. 40) to extend the discovery deadline in this case by one month. Plaintiff has filed a resistance (Doc. No. 45). No party requested oral argument and the court finds that oral argument is not necessary. *See* Local Rule 7(c). The court also finds that it is appropriate to rule on the motion without waiting for defendants to file a reply. *See* Local Rule 7(g). The motion is denied for the reasons set forth below.

### *PROCEDURAL HISTORY*

Plaintiff filed this action on May 19, 2011. The complaint (Doc. No. 1) includes twelve counts, plus a claim for punitive damages, arising from the termination of plaintiff's employment. The court entered the parties' proposed scheduling order on September 9, 2011, which, among other things, established a discovery deadline of August 1, 2012. Doc. No. 15. Trial is scheduled to begin January 21, 2013. Doc. No. 16. The court has previously granted unopposed motions to extend the dispositive motion deadline to September 21, 2012, and the discovery deadline to October 1, 2012. Doc. Nos. 23, 25. Defendants filed a motion for summary judgment on September 21, 2012. Doc. No. 27.

On October 4, 2012, three days after expiration of the already-extended discovery deadline, defendants filed their present motion seeking a one-month extension of that deadline. The motion states that Henry Parkhurst, lead counsel for the defendants, announced in early September that he is leaving the firm of Gislason & Hunter. The motion further states that Dustan Cross, another attorney in the Gislason firm, has agreed to take over responsibility for this matter. According to defendants, Mr. Cross "should be given the opportunity to determine if there are any additional depositions that he feels are necessary, prior to the close of discovery." Doc. No. 40 at 2.

Plaintiff disagrees and notes that the Gislason firm has had three attorneys working on this matter throughout the case. Doc. No. 45 at 2. Plaintiff also points out that the motion contains no specific information as to what additional discovery Mr. Cross may elect to conduct if the deadline is extended. *Id.*

### *ANALYSIS*

Federal Rule of Civil Procedure 16(b) guides the court's issuance and modification of pretrial scheduling orders and provides that the court "must issue a scheduling order," which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(1), (3)(A). The scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). In addition, Rule 16(d) states that the pretrial order "controls the course of the action unless the court modifies it."

The Eighth Circuit has explained the Rule 16(b) "good cause" standard as follows:

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir.2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a

relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See, e.g., Rahn,* 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County,* 420 F.3d 880, 883 (8th Cir.2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir.2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716–17 (8th Cir.2008).

Under the *Sherman* standard, defendants' request to modify the scheduling order must fail. At the outset, their failure to describe any specific discovery needs that require an extension makes it impossible to determine whether they were diligent in seeking that discovery. To establish good cause, they must—at minimum—itemize the necessary discovery and explain why they were not able to complete that discovery before October 1, 2012. Their motion fails this basic requirement.

Moreover, the court agrees with plaintiff that the addition of a new lawyer to this case does not, by itself, establish good cause. If the defendants had been unrepresented throughout this case and secured counsel only at the last minute, the court may be more sympathetic to the need for an extension of time to permit a review of the file. Here, however, four attorneys from the Gislason firm (including Mr. Parkhurst and Mr. Cross) have entered appearances for the defendants in this case. Two attorneys from other firms have also appeared for one or more of the defendants. In short, the defendants have had the benefit of experienced counsel throughout this case. They have failed to show that their team of attorneys justifiably neglected to conduct necessary discovery before the deadline.

Moreover, while the court need not consider the issue of prejudice to the nonmovant when the movant fails to establish diligence, *Sherman,* 532 F.3d at 717, the court does find that unfair prejudice is likely to result if defendants' motion is granted. The dispositive motion deadline has already expired and plaintiff is in the process of responding to defendants' motion for summary judgment. Requiring plaintiff to incur the time and expense of additional discovery at this stage of the case would undoubtedly cause prejudice. While that prejudice could be justified if plaintiff had some role in creating the need for an extension, that is not the case here.

### CONCLUSION

Defendants have not established good cause. Their motion (Doc. No. 40) for extension of discovery deadline is **denied.**

**IT IS SO ORDERED.**