Steve **PICK**, Plaintiff

v.

**CITY OF REMSEN, et al., Defendants.**

**No. C13–4041–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Signed Feb. 25, 2014.

Michael Jon Jacobsma, Jacobsma, Clabaugh & Freking, PLC, Sioux Center, IA, Judy L. Freking, Judy L. Freking, PC, Le Mars, IA, for Plaintiff.

Douglas L. Phillips, Klass Law Firm, L.L.P., Sioux City, IA, for Defendants.

### ORDER

LEONARD T. STRAND, United States Magistrate Judge.

Plaintiff has filed a motion (Doc. No. 28) for leave to file what would be his fourth amended complaint in this case. The defendants have filed a resistance (Doc. No. 30). Having reviewed the parties' filings, I conclude that oral argument is not necessary. *See* Local Rule 7(c).

### *BACKGROUND*

Plaintiff Steve Pick filed this case in the Iowa District Court for Plymouth County on or about April 19, 2013. His state court petition named six defendants: City of Remsen (City), Paige List, Rachael Keffler, Jeff Cluck, Craig Bartolozzi and Kevin Rollins. Pick asserted the following claims: (1) libel/slander, (2) violations of constitutional rights, brought pursuant to 42 U.S.C. § 1983, (3) intentional infliction of emotional distress, (4) wrongful termination (violation of employee manual), (5) wrongful termination (disability), brought pursuant to the Iowa Civil Rights Act, (6) wrongful termination (age), also brought pursuant to the Iowa Civil

Rights Act and (7) retaliation. Doc. No. 2–2 at 3–16.

The defendants removed this action to this court on May 9, 2013, invoking federal question jurisdiction with regard to the constitutional claims and supplemental jurisdiction over the remaining, state law claims. Doc. No. 2. Defendants then filed an answer to the state court petition. Doc. No. 4.

On May 28, 2013, Pick filed a motion (Doc. No. 7) to amend the state court petition, along with a proposed amended pleading. Pick sought to add federal disability and age discrimination claims to his existing state law claims. I directed the Clerk to docket the amended pleading and denied the motion to amend as being moot, as leave of court was not necessary pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Doc. No. 8. This was Pick's first amendment. Defendants filed their answer on May 29, 2013. Doc. No. 10.

On June 13, 2013, Pick filed another motion (Doc. No. 11) to amend, along with the proposed amended pleading. This time, Pick sought to add a new defendant, Kim Keleher. Defendants did not resist the motion. As such, the motion was granted and the amended pleading was docketed the same day. Doc. Nos. 12, 13. This was Pick's second amendment. Defendants filed their answer on June 28, 2013. Doc. No. 17.

On July 16, 2013, I approved and entered the parties' proposed scheduling order and discovery plan. Doc. No. 18. Among other things, that order includes a deadline of August 29, 2013, for motions to add parties and amend pleadings, and a deadline of April 1, 2014, for dispositive motions and the completion of all discovery. *Id.* Based on this order, trial has been scheduled to begin August 18, 2014. Doc. No. 19.

On August 29, 2013, Pick filed his next motion (Doc. No. 20) to amend, again with a proposed amended pleading. With this amendment, Pick sought to add an additional cause of action: wrongful discrimination and termination (gender) in violation of the federal and Iowa civil rights acts. Again, the defendants did not object. As such, the motion was granted and the amended pleading

docketed the same day. Doc. Nos. 21, 22. This was Pick's third amendment. Defendants filed their answer on September 6, 2013. Doc. No. 23.

On December 27, 2013, another attorney appeared for Pick (in addition to, not in substitution of, his original attorney). On February 3, 2014, Pick filed an attempted motion (Doc. No. 25) for leave to amend his complaint again. It was an attempted motion because it violated at least two local rules. Moreover, it did not address the fact that the deadline for amendments had expired five months earlier. I denied the motion without prejudice and invited Pick to try again. Doc. No. 27.

Pick filed a new and improved motion (Doc. No. 28) on February 10, 2014, along with the proposed fourth amended complaint. Pick seeks to add new factual allegations to two of his existing claims, along with a new cause of action for intentional interference with employment contract. Further, and while his motion does not say so, the proposed fourth amended complaint does not contain the gender-discrimination claim that Pick added via the third amended complaint. Doc. No. 28 at 3–20.

This time, the defendants do object to the proposed amendment. Among other things, they note that it is untimely and argue that allowing an amendment at this late stage of this case would cause unfair prejudice. Pick acknowledges that his current motion is untimely but contends that the delay was caused by the defendants' dilatory production of various email messages.

### ANALYSIS

As noted above, the deadline for amendments to pleadings in this case was August 29, 2013. I have described the analysis of untimely motions to amend as follows:

Leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). There is, however, no absolute right to amend a pleading. *See, e.g., Hammer v. Osage Beach,* 318 F.3d 832, 844 (8th Cir.2003); *Becker v. Univ. of Nebraska,* 191 F.3d 904, 908 (8th Cir.1999); *Williams v. Little Rock Mun. Water*

*Works,* 21 F.3d 218, 224 (8th Cir.1994). Indeed, balanced against the liberal amendment policy of Rule 15(a) is the court's interest in enforcing its scheduling orders.... Scheduling orders may be modified only for "good cause." Fed. R.Civ.P. 16(b)(4); *see also* Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir.2008). The liberal amendment standard contained in Rule 15(a) applies when a motion for leave to amend is filed within the time permitted by the court's scheduling order and discovery plan. On the other hand, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir.2008); *see also In re Milk Prods. Antitrust Litig.,* 195 F.3d 430, 437–38 (8th Cir.1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir.1998)).

\* \* \*

In *Sherman,* the Eighth Circuit Court of Appeals explained the Rule 16(b) "good cause" standard as follows:

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant fac-

tor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See, e.g., Rahn,* 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County,* 420 F.3d 880, 883 (8th Cir.2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch,* 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman,* 532 F.3d at 716–17. Under this "good cause" standard, the Eighth Circuit held that leave to add a new defense should have been denied, as such leave was not sought until almost eighteen months after the deadline to amend pleadings had expired. *Id.* at 717–18.

This court, in applying *Sherman,* has held that good cause for an untimely amendment under Rule 16(b) "requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* 590 F.Supp.2d 1093, 1100 (N.D.Iowa 2008) (citing *Sherman* ).

*French v. Cummins Filtration, Inc.*, No. C–11–3024–MWB, 2012 WL 2992096 (N.D.Iowa July 19, 2012).[1] Thus, the primary issue is whether Pick has shown that he acted with diligence but still could not reasonably have met the deadline for motions to amend pleadings. On this issue, Pick's arguments vary depending on the specific changes he seeks to make. I will address each proposed change separately.

■ *The New Defamation Allegation.* Pick seeks to add a new allegation of defamation against defendant Keleher to Count I. He states that the recently-produced email messages disclosed, for the first time, an additional allegedly-defamatory communication by Keleher. Defendants agree that Pick could not have discovered this communication earlier. Doc. No. 30 at 3 n. 1. As such, Pick has shown good cause to add this new allegation to Count I.

■ *The New Wrongful Termination Allegations.* Next, Pick seeks to add additional factual allegations to Count IV (wrongful termination in violation of employee manual). He does not contend that these new allegations are based on recently-discovered evidence. Indeed, he states that his proposed changes to Count IV are not even necessary in light of basic, notice-pleading principles. Doc. No. 28–1 at 6. Nonetheless, he states that he "wishes to amend his complaint to include these factual allegations in order to clarify the factual basis upon which he is seeking relief rather than waiting until trial." *Id.* According to Pick, the fact that these proposed changes are not necessary eliminates the need to undertake a good cause analysis. *Id.* at 7. Pick's reason for making this argument is obvious, as he does not claim that he could not reasonably have included these additional allegations to Count IV in any of the prior iterations of his complaint.

Pick cites no authority for his theory that he need not show good cause for an untimely amendment if the proposed changes simply add factual allegations to an existing claim. I find his argument in this regard to be baseless. Pick is seeking to amend his complaint more than five months beyond the deadline for doing so. Regardless of whether he wishes to add new claims, new parties or new factual allegations, he must demonstrate good cause by showing that despite diligence, he could not reasonably have done so on a timely basis. With regard to the new allegations he seeks to add to Count IV, he has not even attempted to make this showing.

■ *The New Claim.* Finally, Pick seeks to add an entirely new claim—intentional interference with employment contract against five individual defendants. He contends that he did not discover facts supporting the claim until the defendants finally produced various email messages he had requested on multiple occasions. He states that he acted diligently to obtain the necessary information and that the delay is attributable to the defendants. Doc. No. 28–1 at 8.

Defendants respond by contending that Pick had information sufficient to assert the proposed new claim long ago and, therefore, that the recently-produced email messages, did not suddenly bring the new claim to light. Defendants point out that the "employment contract" referenced by the proposed new claim is the same employment manual that forms the basis of one of Pick's existing, wrongful termination claims. They also note that Pick alleged in his previous complaints that the defendants made accusations about his work performance, resulting in a transfer of his job duties. Doc. No. 30 at 4. And, in fact, the current version of Pick's complaint includes that allegation as part of Count I (libel/slander). *See* Doc. No. 22 at ¶ 72. Thus, defendants contend, Pick had sufficient

---

1. I simply copied this portion of the *French* order because that is exactly what Pick's counsel did. The "Legal Standards" section of Pick's brief, which begins on page 3 and ends on page 6, plagiarizes my discussion in *French* word-for-word, citation-by-citation and quote-by-quote. *See* Doc. No. 28–1. Counsel simply removed a few sentences that were specific to the facts of the *French* case. I am doing the same thing here, except I am actually citing my source. Pick's counsel's attempt to pass off a significant portion of a prior ruling as his own work is lazy, obnoxious and unprofessional. Moreover, plagiarizing a judge's analysis in a brief directed to that very judge is, to put it nicely, not very smart.

information to assert a claim for intentional interference with contract long ago.

As noted above, Pick bears the burden of establishing that good cause exists to allow his untimely amendment. While it is at least possible that the recently-disclosed email messages provide a basis for him to meet that burden, he has completely failed to explain this argument. His effort to demonstrate that he could not have asserted an intentional interference claim before obtaining those messages consists of short paragraphs with nothing but conclusory contentions. Doc. No. 29 at 8. He does not attempt to connect the dots by pointing to specific, new information in the email messages and explaining how that information alerted him, for the first time, that he might have a valid claim for intentional interference with contract. Instead, his argument amounts to: "Here are a bunch of newly-produced email messages, so now I have a right to add a new claim."

■ That argument falls far short. Pick has failed to meet his burden of demonstrating that good cause exists to allow him to add a new claim at this late stage of the case. He has not shown that despite diligence, he could not reasonably have sought leave to add that claim long ago.[2]

### CONCLUSION

For the reasons explained above, plaintiff's motion (Doc. No. 28) for leave to amend complaint is **granted in part** and **denied in part**. Pick is entitled to amend his complaint to add a new allegation of defamation against Keleher to Count I. However, Pick has not demonstrated good cause for his other untimely, proposed amendments.

Because the proposed amended complaint attached to Pick's motion (Doc. No. 28 at 3–20) includes amendments that are disallowed, the Clerk shall **not** docket that document as

Pick's fourth amended complaint. Instead, on or before *March 7, 2014,* Pick shall file a fourth amended complaint that is consistent with this order. Moreover, if Pick no longer wishes to pursue his existing Count VII (Wrongful Discrimination and Termination: Gender), then he may delete that claim from the fourth amended complaint and renumber his existing Count VIII (Retaliation) as Count VII.

After Pick files his fourth amended complaint, the defendants may file a motion to strike it on or before *March 17, 2014,* if they believe it is inconsistent with this order. Otherwise, they will be deemed to have agreed that the document complies with this order and this case shall proceed accordingly.

**IT IS SO ORDERED.**

---

**2.** The lack of good cause makes it unnecessary to address the issue of prejudice. *Sherman,* 532 F.3d at 717. Nonetheless, I do make the additional finding that substantial, unfair prejudice would result to the defendants if Pick is permitted to add a new cause of action to this case. Discovery closes in just over one month and dispositive motions are due on the same date. *See* Doc. No. 18. If Pick is allowed to add his

proposed new claim, these deadlines would almost surely have to be extended to permit additional discovery, putting the August trial date at risk. Pick has had ample time to investigate his claims and has already been given many opportunities to plead and re-plead them. The expense and delay that would result from allowing him to add a new claim at this stage of the case is not justified.