# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3439

_____

Robert S. Young

*Plaintiff - Appellant*

v.

Mark E. Broaddus; Chuhak & Tecson, P.C.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: May 7, 2014
Filed: May 22, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Robert Young's state-court action alleging that defendants had engaged in legal malpractice was removed to federal court based on diversity jurisdiction. After

Young failed to identify an expert witness by the date specified in the district court's[1] scheduling order, the court denied Young's motion for additional time in which to identify an expert witness and dismissed the action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). On appeal, Young argues that the court abused its discretion in dismissing the case.

We conclude that the district court did not clearly err in finding that Young had willfully disobeyed its scheduling order and that it did not abuse its discretion in denying Young's motion for additional time to identify an expert and in dismissing his case for failure to prosecute. Although Young had ample notice of the need to identify an expert, he neither did so nor sought additional time to do so before the scheduling-order deadline passed. Moreover, he failed to show good cause for modifying the scheduling order or to show that his failure to comply with the order was accidental or involuntary. The scheduling order informed him that no witness would be allowed if not timely identified; and without an expert witness, he could not prevail on his legal-malpractice claim. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (district court retains discretion as to whether to grant motion to modify scheduling order; moving party must first make requisite showing of good cause; where record clearly demonstrates that plaintiff made only minimal efforts to satisfy order's requirements, plaintiff's actions do not satisfy good cause standard); Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527-29 (8th Cir. 2000) (Rule 41(b) dismissal reviewed for abuse of discretion; factual finding of willfulness reviewed for clear error; court's finding that plaintiff willfully disobeyed court order requires only that he acted intentionally as opposed to accidentally or involuntarily; upholding dismissal with prejudice where lesser sanction would have left plaintiff unable to prove claims).

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____