NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 13-6544

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM H. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| TENNESSEE DEPARTMENT OF | ) | WESTERN DISTRICT OF |
| TRANSPORTATION, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Williams H. Thomas, Jr., believes that the Tennessee Department of Transportation (TDOT) is selectively and unlawfully enforcing a Tennessee state law that requires commercial billboard owners and operators to obtain a permit. After TDOT initiated a state-court suit against Thomas to compel him to remove one of his billboards, Thomas filed this action against TDOT alleging violations of the First and Fourteenth Amendments to the United States Constitution. The district court held that Thomas's suit was barred by another constitutional amendment—the Eleventh. The court also refused to permit Thomas to amend his complaint to add four Tennessee state officials as defendants. We affirm.

I.

TDOT is charged with enforcing the Billboard Regulations and Control Act of 1972, Tenn. Code § 54-21-101 *et seq.*, which regulates commercial billboards in the state of Tennessee. That statute generally requires billboard owners and operators to obtain a permit before

constructing or operating certain types of "outdoor advertising." *Id.* § 54-21-104(a). Thomas owns several billboards around Memphis, Tennessee, including one specific billboard along Interstate 40. Thomas evidently does not have a permit to operate that billboard, but he claims that he is exempt from the Tennessee permit requirement because his billboard displays only noncommercial messages. TDOT disagrees and filed an enforcement action in the Shelby County Chancery Court to compel Thomas to remove the disputed sign along Interstate 40. According to Thomas, "TDOT's ongoing enforcement action against Mr. Thomas is a continuation of an adversarial relationship" between the two parties.

The details of the state-court dispute are not relevant to this appeal. After TDOT initiated that suit, Thomas filed this suit in federal district court pursuant to 42 U.S.C. § 1983 to obtain injunctive and declaratory relief as well as "an award of such damages as are authorized by law." He alleges that TDOT's "selective" and "vindictive" enforcement of the billboard regulations infringes his First Amendment right to free speech and violates his Fourteenth Amendment right to the equal protection of the laws. He also asks for a declaration that his sign is exempt from the permitting requirements of the Billboard Regulations and Control Act.

The district court dismissed Thomas's claim after concluding that TDOT is immune from suit under the Eleventh Amendment to the United States Constitution. The district court also rejected Thomas's untimely request for leave to amend his complaint to add four Tennessee state officials as defendants. In the district court's view Thomas had not shown good cause for his failure to amend the complaint before the expiration of the deadline set forth in the district court's scheduling order. Thomas timely appealed.

## II.

The Eleventh Amendment to the United States Constitution bars suits in federal court against the states or their agencies unless the state provides its consent. *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). TDOT, a state agency, is the sole defendant named in Thomas's complaint, and he does not suggest that the state of Tennessee consented to be sued in federal court. The case therefore cannot proceed in this forum. To obtain the injunctive relief he seeks, Thomas must sue a state official in his or her official capacity. *See Ernst v. Rising*, 427 F.3d 351, 358–59 (6th Cir. 2005) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)). And Thomas cannot obtain money damages unless he sues a state official in his or her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165–69 (1985). Because Thomas's original complaint included no state officials as defendants, the district court properly dismissed the complaint.

## III.

TDOT raised its Eleventh Amendment defense in its answer to Thomas's complaint and in its motion to dismiss. Four months after TDOT filed its answer and six weeks after TDOT moved to dismiss Thomas's suit, he sought leave of the court to amend his complaint to add four Tennessee state officials as defendants. The court had entered a scheduling order, however, and Thomas filed his motion after the expiration of the scheduling order's deadline for amendments to the pleadings. Thomas therefore was required to show good cause for his failure to amend the complaint within the prescribed timeframe. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). The district court refused to permit Thomas to amend his complaint because he did not establish "that despite [his] diligence, [he] could not meet the original deadline."

*Leary*, 349 F.3d at 907; *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001))). The district court concluded that Thomas was not diligent because he sought leave to amend the complaint almost two months after the scheduling order's deadline, even though he knew the identity of the individual defendants before that deadline. That decision was not an abuse of discretion, especially where TDOT's answer alerted Thomas to its sovereign-immunity defense. *See Ross v. Am. Red Cross*, No. 12-4312, 2014 WL 289430, at *8 (6th Cir. Jan. 27, 2014) ("A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." (citing *Leary*, 349 F.3d at 908)). Although Thomas explained that he failed to meet the deadline because he wanted to use discovery to limit the number of defendants he added to the complaint, the district court acted within its discretion when it rejected that justification as insufficient.

Thomas also argues that the district court abused its discretion in denying his motion because the district court did not address whether TDOT would suffer prejudice as a result of the amendment. *See Leary*, 349 F.3d at 908 ("Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment."). But Thomas did not seek to amend his complaint to add any new claims against TDOT, nor does his proposed amended complaint include any alterations to the factual allegations against TDOT. The only change Thomas seeks to make, so far as we can tell, is to add four state officials as defendants. Yet Thomas proposes to sue these

officials in their individual capacities only—not in their official capacities. The amendments that Thomas proposes therefore would have no effect whatsoever on TDOT. Thomas's claims against TDOT have been dismissed, and the proposed amended complaint would not reinstate those claims. There was accordingly no reason for the district court to determine whether amendment of the complaint would have prejudiced TDOT, as TDOT would no longer be in the case. Any prejudice as a result of the amendment would be to the detriment of the four state officials whom Thomas seeks to add, and the district court was not required to consider prejudice to non-parties when determining whether to grant Thomas leave to amend the complaint.

The district court did not abuse its discretion when it refused to permit Thomas to transform his suit against TDOT into a suit against four state officials in their individual capacities.

## IV.

Because the district court did not err in dismissing Thomas's complaint and did not abuse its discretion in denying Thomas's untimely motion to amend, we affirm.