Renee AFSHAR, Plaintiff,

v.

WMG, L.C.; Michael Goche; Joseph Goche; and Jeanne Goche–Horihan, Defendants.

No. C14–3054–MWB

United States District Court,
N.D. Iowa,
Central Division.

Signed September 14, 2015

Brant M. Leonard, Philip S. Bubb, Fredrikson & Byron, P.A., Des Moines, IA, for Plaintiff.

David L. Charles, Crowley Fleck PLLP, Jonathan Edward Kramer, Thomas S. Reavely, Whitfield & Eddy, PLC, Des Moines, IA, Mark S. Brownlee, Kersten, Brownlee & Hendricks, LLP, Fort Dodge, IA, for Defendants.

## ORDER

LEONARD T. STRAND, UNITED STATES MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before me on a motion (Doc. No. 38) by plaintiff Renee Afshar (Afshar) for leave to file amended complaint. The proposed amended complaint (Doc. No. 38–2) is attached to the motion. One defendant, Jeanne Goche–Horihan (Jeanne), consents to the motion. The remaining three defendants—WMG, L.C. (WMG), Joseph Goche (Joseph) and Michael Goche (Michael)—have filed resistances (Doc. No. 41, 44). Afshar has filed a reply (Doc. No. 45). No party has requested oral argument and, in any event, I find that oral argument is not necessary. The motion is fully submitted and ready for decision.

## II. RELEVANT BACKGROUND

On September 8, 2014, Afshar filed a complaint (Doc. No. 2) in which she invoked the court's diversity jurisdiction and asserted the following claims:

Count I Breach of Contract against WMG

Count II Breach of Contract against Michael, Joseph and Jeanne

Count III Breach of Fiduciary Duty (Minority Oppression) against Michael, Joseph and Jeanne

Count IV Declaratory Relief

Count V Request for Receiver

The defendants have filed answers (Doc. Nos. 4, 5 and 8) denying Afshar's claims. On February 9, 2015, I approved and entered the parties' joint proposed scheduling order and discovery plan. Doc. No. 10. That order established, inter alia, April 6, 2015, as the deadline for motions to add parties and/or amend pleadings and October 6, 2015, as the deadline for the completion of discovery. *Id.* at ¶¶ 2–3, 5. Trial is scheduled to begin March 7, 2016. Doc. No. 11.

## III. THE PROPOSED AMENDMENT

Afshar filed her motion to amend on August 25, 2015, over four months after the scheduling order deadline for such motions. Her proposed amended complaint includes the same five counts described in the original complaint and adds a new count entitled "Request for an Order of Dissolution." Doc. No. 38–2 at 10–11. The operative paragraphs of proposed Count VI read as follows:

69. Defendants' wrongful conduct is oppressive and has been directly harmful to Plaintiff.

70. Plaintiff is therefore entitled to an Order of Dissolution from this Court pursuant to Iowa Code Section 489.701(1)(e)(2), and to have the Company dissolved with its assets being fairly distributed to its owners.

71. Moreover, Defendants' wrongful conduct has created division and deadlock in the Company, such that it is not reasonably practical to carry on the Company's activities in conformity with the certificate of organization and the Operating Agreement.

72. Plaintiff is therefore entitled to an Order of Dissolution from this Court, pursuant to Iowa Code Section 489.701(1)(d)(2), and to have the Company dissolved with its assets being fairly distributed to its owners.

*Id.*

The resisting defendants (WMG, Michael and Joseph) argue that Afshar has failed to demonstrate good cause to justify an untimely amendment. They also contend that allowing Afshar to add a dissolution claim at this stage of the case would cause them to suffer unfair prejudice.

## IV. ANALYSIS

### A. Applicable law

As noted above, the deadline for motions to amend pleadings in this case was April 6, 2015. I have described the analysis of untimely motions to amend as follows:

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). There is, however, no absolute right to amend a pleading. *See, e.g., Hammer v. Osage Beach,* 318 F.3d 832, 844 (8th Cir.2003); *Becker v. Univ. of Nebraska,* 191 F.3d 904, 908 (8th Cir.1999); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir.1994). Indeed, balanced against the liberal amendment policy of Rule 15(a) is the court's interest in enforcing its scheduling orders.... Scheduling orders may be modified only for "good cause." Fed. R.Civ.P. 16(b)(4); *see also* Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir.2008). The liberal amendment standard contained in Rule 15(a) applies when a motion for leave to amend is filed within the time permitted by the court's scheduling order and discovery plan. On the other hand, "[i]f a party

files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir.2008); *see also In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437–38 (8th Cir.1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998)).

\* \* \*

In *Sherman*, the Eighth Circuit Court of Appeals explained the Rule 16(b) "good cause" standard as follows:

> "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also* Fed.R.Civ.P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See, e.g., Rahn*, 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines);

*Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir.2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman*, 532 F.3d at 716–17. Under this "good cause" standard, the Eighth Circuit held that leave to add a new defense should have been denied, as such leave was not sought until almost eighteen months after the deadline to amend pleadings had expired. *Id.* at 717–18.

This court, in applying *Sherman*, has held that good cause for an untimely amendment under Rule 16(b) "requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F.Supp.2d 1093, 1100 (N.D.Iowa 2008) (citing *Sherman*).

*French v. Cummins Filtration, Inc.*, No. C–11–3024–MWB, 2012 WL 2992096 (N.D.Iowa July 19, 2012); *see also Pick v. City of Remsen*, 298 F.R.D. 408, 410–12 (N.D.Iowa 2014). Thus, the primary issue is whether Afshar has shown that she acted with diligence but still could not reasonably have met the deadline for motions to amend pleadings. If Afshar has not demonstrated good cause, then the issue of prejudice to the defendants is not relevant. *Sherman*, 532 F.3d at 716–17.

**B. Discussion**

**1. Good cause**

Afshar alleges that good cause exists because some (but not all) of the facts she relies upon to support the proposed new claim for judicial dissolution occurred after she filed this lawsuit. *See, e.g.,* Doc. No. 45 at 1–3. She notes that her proposed Count

VI seeks WMG's dissolution for two distinct reasons: (a) oppressive conduct pursuant to Iowa Code § 489.701(1)(d)(2) and (b) deadlock pursuant to Iowa Code § 489.701(1)(e)(2).[1] Afshar acknowledges that the factual basis for the oppressive conduct prong of her proposed Count VI is "substantially similar" to the factual basis for her existing Count III, which seeks money damages based on allegedly-oppressive conduct. Doc. No. 38–1 at 2. However, she argues that the factual basis for the "deadlock" prong of proposed Count VI is new. Specifically, she contends that recent events, including the inability of WMG's members to form a quorum at the company's 2015 annual meeting (held August 10, 2015), now make it clear that it is not "reasonably practicable to carry on the company's activities," thus justifying dissolution pursuant to Section 489.701(1)(d)(2). Doc. No. 38–1 at 3–4.

The defendants contend that Afshar had sufficient information to either (a) include a dissolution claim in her original complaint or, at least, (b) add such a claim later, through a timely motion to amend. They deny that recent events have suddenly given rise to a viable dissolution claim that could not have been raised earlier.

Defendants have the better argument. As Afshar admits, she could have included a dissolution claim based on alleged oppression in her original complaint by incorporating the same allegations that form the basis of Count III. Doc. No. 38–1 at 2. That, alone, weighs heavily against Afshar. Moreover, even with regard to a dissolution claim based on alleged deadlock, Afshar has failed to show that she could not have asserted that claim before April 6, 2015 (the scheduling order deadline for motions to amend). Her original complaint includes an allegation that "[t]he management of WMG is at impasse" concerning resolutions allegedly adopted during WMG's 2014 annual meeting. Doc. No. 2 at ¶ 34. In addition, many of the alleged events Afshar now cites in support of a dissolution claim based on deadlock occurred before April 6, 2015.[2] Doc. No. 45 at 2. The fact that some additional relevant events may have occurred after that date does not excuse Afshar's failure to file a timely motion.

Afshar has failed to demonstrate good cause to allow an amendment to her complaint more than four months after the scheduling order deadline. Her motion must be denied.

## 2. Prejudice

▮ As noted above, it is not necessary to address the issue of prejudice if the movant fails to show good cause for an untimely amendment. Nonetheless, and as an alternative basis for denying Afshar's motion, I find that allowing the proposed amendment at this stage of the case would result in unfair prejudice to the defendants. From the beginning, Afshar has requested relief in the form of money damages, declaratory relief and the appointment of a receiver to operate WMG. See Doc. No. 2. Discovery is nearly complete and the defendants' expert disclosure deadline has expired. Allowing Afshar to inject an entirely new, and drastic, proposed remedy at this stage of the case would

---

1. The statute states, in relevant part:

    1. A limited liability company is dissolved, and its activities must be wound up, upon the occurrence of any of the following:

        * * *

    d. On application by a member, the entry by a district court of an order dissolving the company on the grounds that any of the following applies:

        * * *

    (2) It is not reasonably practicable to carry on the company's activities in conformity with the certificate of organization and the operating agreement.

    e. On application by a member or transferee, the entry by a district court of an order dissolving the company on the grounds that the managers or those members in control of the company have done any of the following:

        * * *

    (2) Have acted or are acting in a manner that is oppressive and was, is, or will be directly harmful to the applicant.

    Iowa Code § 489.701.

2. In her reply, Afshar argues that many relevant events occurred after she filed her original complaint. Doc. No. 45 at 1–2. That may be true, but it misses the point. The relevant question is not whether Afshar could have included a dissolution claim in her original complaint. Instead, it is whether she reasonably could have met the April 6, 2015, deadline for motions to amend pleadings. *Transamerica Life Ins.*, 590 F.Supp.2d at 1100.

almost-certainly cause expense and delay that could have been avoided had Afshar amended in a timely fashion. As the resisting defendants note, judicial dissolution would give rise to tax and financial consequences that may be the proper subject of expert testimony at trial.[3]

If the proposed amendment would not significantly change the nature of the case, prejudice would be difficult to find. Here, however, Afshar seeks to add a new and entirely distinct request for relief shortly before the close of the discovery. Even if good cause existed for her untimely motion, the danger of unfair prejudice to the defendants would require that it be denied.

## V. CONCLUSION

For the reasons set forth herein, plaintiff Renee Afshar's motion (Doc. No. 38) for leave to file amended complaint is denied.

**IT IS SO ORDERED.**

---

**3.** Citing no authority, Afshar calls it "bizarre" to suggest that any potential tax consequences would be a relevant topic at trial. Doc. No. 45 at 1. I am not so sure. Under Iowa law, a court may consider equitable remedies other than dissolution even when statutory grounds for judicial dissolution exist. *See, e.g., Sauer v. Moffitt,* 363 N.W.2d 269, 275 (Iowa Ct.App.1984) (applying Iowa Code § 496A.94(1)). The fact that some forms of relief might give rise to adverse tax consequences does not strike me as being obviously-irrelevant to this analysis.